**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO.: 3:08CR42-DCN-DCK**

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. )  )  TOLLY A. KENNON, III, )  ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Memorandum" (Document No. 7), filed by the Government on April 11, 2008 in support of its request that Defendant be barred from representing criminal defendants in either federal or state court as a condition of his bond in this case; and the "Memorandum of Law in Opposition . . ." (Document No. 9), filed by the Defendant, Tolly A. Kennon, III, on April 14, 2008. This matter is now ripe for decision. Having considered the written arguments of the parties, the oral argument of counsel at the initial appearance in this matter on April 10, 2008, and applicable law, the Court will grant in part and deny in part the Government's request for the reasons set out below.

**FACTUAL AND PROCEDURAL SUMMARY**

In a (then) sealed "Bill of Indictment"(Document No. 3) filed with the Court on March 19, 2008, Defendant, Tolly A. Kennon, III, ("Defendant or Mr. Kennon") is charged in six separate criminal counts with violations of 18 U.S.C. § 1503(a) and 18 U.S.C. § 1512(b). Generally, the Government alleges that Defendant, who is a practicing attorney, obstructed justice and tampered with witnesses while representing defendants in criminal cases pending in this Court. On April 10,

1

2008, Defendant made his initial appearance before the undersigned pursuant to Rule 5 of the Federal Rules of Criminal Procedure, at which he was represented by counsel. During the initial appearance, the Court reviewed the charges and the maximum penalties, confirmed for the record that Defendant understood his right to counsel and that he has retained counsel, and considered initially the question of Defendant's bond. On this latter issue, after hearing from the parties, the Court issued bond papers setting out that Defendant will be released on a $100,000 unsecured bond on all the usual and normal conditions applying in this district. The bond papers have been issued and signed, and Defendant is currently out on pretrial release.

While the Government did not oppose release, it did request that, as a condition of pretrial release, Defendant be restricted in his ability to practice criminal defense law during the pendency of this case. The Government took the position that the Court should set as a condition of bond that Defendant shall not practice criminal defense law in any Court – federal or state – during the entire pendency of the case. Defendant resisted this request and asked that the Court not impose such a restriction. The Court took this issue under advisement, and shortly thereafter, the parties filed their memoranda. The purpose of this Order is to determine whether there will be any restriction on Defendant's ability to practice criminal defense law as a condition of his bond, and if so, the breadth of that restriction.

## DISCUSSION

As stated above, the Government takes the position that, as a condition of bond, Defendant be restricted from practicing criminal defense law in any court during the entire pendency of this case. In its memorandum, the Government argues that under the Bail Reform Act, the Court may require that the Defendant "satisfy any other condition that is reasonably necessary to assure the

appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. §3142(c)(B)(xiv). In this case, says the Government, there is evidence that the Defendant has used his position as a criminal defense lawyer to attempt to obstruct justice and to tamper with witnesses on three separate occasions. The Government cites *United States v. Bernal*, 183 F. Supp. 2d 439 (D. PR. 2001), for the proposition that a practicing attorney who is a defendant may be prevented from practicing law as a condition of his bond. The Government also made reference in oral argument to the authority of the courts – for example in the District of South Carolina – to restrict as a condition of bond the employment activities of a mortgage broker charged in a mortgage fraud case.

Defendant argues first that this "extraordinary condition" is unnecessary in that he has continued to represent clients in both federal and state court without incident for the 16 months since the initiation of the investigation that resulted in these charges. Defendant also argues that the case-by-case approach employed by judicial officers in this district to ensure his ability to provide unconflicted, competent and ethical representation in his current cases since the onset of this investigation is a sufficient safeguard. In other words, Defendant contends the Court could simply continue to employ the same procedures it has for the last 16 months in ensuring that he can properly represent both his current criminal defense clients and any new clients he takes on. Finally, Defendant argues that his "wholesale removal" from a criminal defense practice (which comprises 90% of his overall law practice) is unconstitutional in that it interferes improperly with the rights of those defendants he is currently representing.

The Court concludes that it can accommodate some, if not all, of the parties' respective concerns by fashioning a middle position. The Government does have a valid concern. Even though

3

the case against Defendant is being handled by the United States Attorney's Office for the District of South Carolina, the allegations in the Bill of Indictment arise from cases handled by Defendant that were being prosecuted by the United States Attorney's Office in the Western District of North Carolina. Defendant's continued practice as a criminal defense lawyer in cases pending in the Western District of North Carolina may require that he advocate, negotiate, and perhaps litigate, opposite Assistant United States Attorneys, some of whom might be witnesses in the Government's case against him. Given the allegations, which though yet unproven, include that he obstructed justice and tampered with witnesses in cases pending in this district, it is self-evident that this situation is highly problematic.

Defendant makes a compelling case, however, that the condition sought by the Government reaches too far. The evidence suggests that as much as 90% of Defendant's current law practice is comprised of criminal defense work in both federal and state court. Given the nature of Defendant's practice, the Government's recommendation, if adopted by the Court, would essentially result in the suspension of Defendant's license to practice law. The Court concludes that this type of blanket prohibition is not necessary to the setting of appropriate bond conditions for Defendant, and moreover, may represent an action outside the authority of this Court and more appropriately within the responsibility of either the North Carolina State Bar or appropriate officials within the state courts.

For these reasons, the Court concludes that it is appropriate to add as a condition of Defendant's bond that, effective the date of this Order, Defendant may not practice as a criminal defense lawyer in the United States District Court for the Western District of North Carolina during the pendency of his case. The Court will not impose a condition of bond restricting the ability of

Defendant to practice criminal defense law in other courts, including particularly state courts in North Carolina, and will instead leave those issues to others. With regard to the few (three, it is believed) pending criminal cases in the Western District of North Carolina in which Defendant currently represents clients, to ensure that those defendants are fairly treated, the Court will order that those matters be set at the earliest possible opportunity for an inquiry to counsel hearing.

**IT IS THEREFORE ORDERED** that the Court will add as a condition of Defendant's bond that, effective the date of this Order, he not practice as a criminal defense lawyer in the United States District Court for the Western District of North Carolina during the pendency of his case.

**IT IS FURTHER ORDERED** that in those cases in the United States District Court for the Western District of North Carolina in which Defendant is currently serving as a criminal defense attorney, an inquiry to counsel hearing be set at the earliest possible opportunity.

**SO ORDERED**.

Signed: April 22, 2008

David C. Keesler
United States Magistrate Judge