IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Criminal No.: 3:08CR42 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Tolly A. Kennon, III, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion for misjoinder under Federal Rule of Criminal Procedure 8(a), or in the alternative, for severance of the charges under Rule 14. The government opposes defendant's motion on the grounds that the counts in the indictment are not improperly joined. For the reasons set forth below, defendant's motion is granted.

**I. BACKGROUND**

Defendant Tolly Kennon, III, is an attorney licensed to practice law in the state of North Carolina and in the United States District Court for the Western District of North Carolina. On March 18, 2008, defendant was indicted under 18 U.S.C. §§ 1503, 1512, and 2 for attempting to tamper with witnesses or to obstruct justice in three different criminal cases in the Western District of North Carolina. The three cases in which the government alleges wrongdoing are <u>United States v. Breon Montrez Massey</u>, 3:03CR229; <u>United States v. Archavis Briann Moore</u>, 3:05CR28-RJC; and <u>United States v. Salvador Castenada-Abrego</u>, 3:06CR378-FDW. In all three cases, Mr. Kennon was

1

appointed by the United States District Court to represent each defendant.

Counts One and Two of the indictment relate to Mr. Kennon's representation of defendant Archavis Moore. Count One of the indictment alleges that in mid to late November 2005, Mr. Kennon advised (both individually and through a third party) a prospective witness, to ignore a subpoena and absent herself from a trial in an effort to improperly obtain the acquittal of his client. Count Two of the indictment alleges Mr. Kennon did knowingly and corruptly persuade and attempted to corruptly persuade and engaged in misleading conduct towards the same witness with the intention to hinder communication with law enforcement of information relating to the commission or possible commission of a federal offense.

Count Three is the only charge related to Mr. Kennon's representation of defendant Breon Massey. Count Three alleges that, on or about January 23, 2006, Mr. Kennon knowingly obstructed justice by knowingly offering testimony that he knew to be materially false and suborned perjury in an effort to improperly obtain the acquittal of his client. Although it is clear from the indictment that the alleged offense occurred inside a courtroom, the indictment does not refer to a particular witness or a particular proceeding. The court has learned through other filings and hearings throughout this case that Count Three involves allegedly perjured expert witness testimony during a hearing on a motion to suppress.

Counts Four through Six involve Mr. Kennon's representation of defendant Salvador Castenada-Abrego. Count Four alleges that Mr. Kennon obstructed justice in that he advised a prospective witness to avoid contact with law enforcement prior to a

suppression hearing in an effort to improperly obtain benefits for his client. Count Five alleges Mr. Kennon did knowingly and corruptly persuade and attempt to persuade and engage in misleading conduct toward a prospective witness with the intention to hinder, delay and prevent the communication to a law enforcement officer relating to the commission and possible commission of a federal offense. Count Six alleges that Mr. Kennon obstructed justice while representing defendant Salvador Castenada-Abrego by attempting to prevent a prospective witness from testifying about Mr. Kennon's contacts and advice to that witness prior to the suppression hearing.

## II. SCOPE OF REVIEW

The Fourth Circuit has not determined the standard by which district courts should evaluate compliance with Rule 8(a). See United States v. Cardwell, 433 F.3d 378, n.1 (4th Cir. 2005). The circuits are split on whether a district court should consider only the indictment to determine whether the charges are properly joined or whether it should consider evidence beyond the indictment itself. Id. at n.1 (noting the Fifth, Sixth, Seventh, Eighth, and Ninth Circuits consider only the indictment while the Eleventh Circuit and D.C. Circuit also consider governmental proffers); see United States v. Terry, 911 F.2d 272, 276 (citing Schaffer v. United States, 362 U.S. 511 (1960)). The Fourth Circuit's case law indicates that an appellate court should examine the indictment and the evidence produced at trial. Id. The Fourth Circuit also recognizes that such a rule is in tension with the other circuits that limit the scope of review to the indictment only. Id.

In the absence of specific direction by the Fourth Circuit and in consideration of the great weight of authority from other circuits, this court has determined that

3

compliance with Rule (8) should be determined by examining the indictment only.[1]

Thus, joinder is not improper if the indictment alleges a connection between the charges. See United States v. Mackins, 315 F.3d 399, 413 (4th Cir. 2003) (finding "the indictment did not allege any explicit connection between the counterfeit check scheme and the drug and money laundering schemes."[2])

### III. DISCUSSION

Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses against a single defendant. Rule 8(a) provides

> [t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged . . . are of the same or similar character, are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

The rule permits "very broad joinder . . . at the pleading stage." Mackins, 315 F.3d at 411. However, the rule is not "infinitely elastic and so cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." Id. (internal citations omitted). Joinder of offenses requires a "logical relationship." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005).

---

[1]The court also notes that under either standard of review, the indictment is not in compliance with Rule 8(a) and thus, the charges are misjoined.

[2]The court recognizes that the Fourth Circuit in Mackins also discussed whether evidence was produced at trial. Mackins, 315 F.3d at 413. However, since a district court does not have the benefit of a full trial record before deciding whether joinder is appropriate, this court must extrapolate from prior Fourth Circuit opinions to the best of its ability.

4

"Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." Id. (citing Wright & Miller, Federal Practice and Procedure § 143 (3d ed. 1999)).

In Mackins, the Fourth Circuit discussed whether joinder was proper between charges of a counterfeit check scheme and drug and money laundering schemes. Mackins, 315 F.3d at 413. The court determined that the indictment did not allege any explicit connection between the charges. Id.

> In denying the misjoinder motions, the district court reasoned that '[a]cts involving a counterfeit check ring may be used to launder drug money or simply be part of the overall series of criminal actions.' That may be true as a general matter, but nothing in the indictment and no evidence produced at trial in this case suggested that counterfeit checks involving existing companies . . . were, in fact, used to launder drug money.

Id. The court went on to say that "[i]t is, of course, possible to hypothesize" as to potential connections between the charges, "[b]ut neither of these possibilities (or any other) is explored in the indictment or in the testimony at trial, and the Government has made no effort in its arguments before this court to establish such a connection." Id.

The Fourth Circuit also considered Rule 8(a) in United States v. Isom, 138 Fed.App'x 574 (4th Cir. 2005). The court found that joinder was proper because of the similarities between two robberies: the crimes began with a request to change a twenty and a ten dollar bill, the two people who robbed the banks were wearing the same or significantly similar clothing, both individuals wore a similar black baseball cap, both wore dark shirts and white bands around their necks, and both brandished guns. Id. Thus, the court clearly examined additional factors to determine the similarity of the two charges.

After extensive discussion on Rule 8(a), the Ninth Circuit found joinder improper between defendant's charges of fraud related to immigration documents and conspiracy to commit marriage fraud to avoid immigration laws. See United States v. Jawara, 474 F.3d 565, 574 (9th Cir. 2007). According to the court, a common scheme or plan "typically involve[s] a concrete connection between the offenses that goes beyond mere thematic similarity." Id. In finding a common scheme or plan, the court asked whether "commission of one of the offenses []either depended upon []or necessarily led to the commission of the other; proof of the one act []either constituted []or depended upon proof of the other." Id. The Ninth Circuit determined that "[a]side from the subject matter of immigration, the superceding indictment does not offer a discernable link between the two offenses or suggest any overlapping evidence." Id. The court noted that "there was no direct connection between the acts other than [defendant's] participation in both events." Id.

The Ninth Circuit also examined the "same or similar character" category under Rule 8(a). Id. The court recognized that "this prong of Rule 8(a) is the most amorphous and controversial of the three grounds for joinder" . . . and the "cases often present a situation where 'line drawing between permissible and improper joinder . . . becomes imprecise and the standards applied confusing.'" Id. at 575-76. In Jawara, the government argued the offenses were similar because they both related to immigration fraud. See id. at 575. The court thoroughly examined whether it should adopt the Seventh Circuit's categorical approach to the elements of the charged crimes or whether it should follow the First Circuit which takes a more comprehensive approach. See id. at

576-78. Ultimately, the Ninth Circuit concluded that the comprehensive case-by-case analysis more closely corresponded to its precedent and was the more appropriate approach.³ See id. at 578.

The Ninth Circuit articulated the following approach to determine whether charges are of a similar character:

> We consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a). The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of joined offenses should be ascertainable–either readily apparent of reasonably inferred–from the fact of the indictment. Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity. Thus, where the government seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment at its own risk.

Id. at 578. The fact that charges share "a thematic commonality does not make the offenses of the 'same or similar character.'" Id. at 579.

Finally, the Fifth Circuit found joinder of a gun charge with a charge for harboring aliens to be improper, even though law enforcement discovered the gun while investigating defendant for harboring aliens. See United States v. Singh, 261 F.3d 530, 533-34 (5th Cir. 2001). The court determined that although the aliens were aware of the

---

³The discussion in this case is particularly relevant because the Fourth Circuit's opinions in Cardwell and Mackins make it clear that this circuit engages in a thorough analysis as to whether the individual facts make joinder proper. Moreover, this approach is also supported by the fact that when the Fourth Circuit reviews these decisions they consider all evidence presented at trial—an approach that most certainly does not correspond to the Seventh Circuit's categorical approach.

weapon, the defendant did not use it to threaten or intimidate the aliens. Id. The court determined that because there was no evidence to suggest the crimes were related, joinder was improper. Id.

In the present case, these charges did not result from a single transaction. The commission of one offense did not necessarily depend on each other nor did they necessarily lead to the commission of the other. See Jawara, 474 F.3d at 574. Moreover, proof of the charges that support Counts One and Two for example does not constitute or depend upon proof of Counts Three, Four, Five or Six. See id. Thus, the indictment is in compliance with Rule 8(a) only if the charges are of the "same or similar character." It is difficult to establish a logical relationship between the charges stemming from each of three separate representations. In fact, "the indictment does not involve any concrete connection between the offenses that goes beyond mere thematic similarity." Jawara, 474 F.3d at 574.

According to the indictment, defendant was appointed by the court in each of the cases at issue. The indictment does not suggest that there were any similarities between these representations such as the same judge or the same prosecutor. While of course no crime is victimless, in this case, it is a broader societal harm that was inflicted on the court. It would be a stretch even to ascertain an identifiable victim, and even if one could, the judges, prosecutors, and defendants were all different in each of the three representations. Moreover, it is not possible that defendant could have known at the outset whether each case would present defendant with an opportunity to tamper with a witness or obstruct justice as he is alleged to have done.

8

The government also does not allege that defendant used the same modus operandi. It is true that all defendant's charges stem from "witness tampering." However, that is a broad level of abstraction when in reality the means employed by defendant were very different; he is alleged to have told a witness to ignore a subpoena and absent herself from a trial, to have suborned perjury from an expert witness in the courtroom during a suppression hearing, and to have told a fact witness not to cooperate with law enforcement and tried to prevent the testimony of that witness. The different methods the government alleges also reflects the different stages of each representation. Moreover, Counts One and Four allege that defendant attempted to obstruct justice both individually and through a third party.

Additionally, the temporal relationship is virtually nonexistent. The three incidents of witness tampering occurred over a thirteen month period. Although only two months passed between the first and the second alleged incident, thirteen months passed between the first and third alleged incidents. On the face of the indictment, Counts One and Two are similar to Counts Four through Six. However, a thirteen month gap prevents finding a significant relationship between these two alleged offenses.

Finally, the likelihood and extent of evidentiary overlap is minimal. There are no overlapping fact witnesses[4] except defendant himself should he choose to testify, and all or substantially all of the evidence is not necessarily admissible in a separate trial of the charges. See Mackins, 315 F.3d at 413-14. It is very possible that evidence of the other

---

[4] At the hearing, the government indicated that it may call a single expert witness who would testify in all three cases. However, this witness cannot speak to the facts to support each charge.

charges will be admissible under Federal Rule of Evidence 404(b). However, that question is not before the court at this time and, therefore, the court cannot say with certainty that the evidence will be admitted.[5] Moreover, while evidence may be admitted under a certain rule of evidence at trial, such evidence does not cure a legally deficient indictment.

The court held a hearing on the matter at which the government speculated that defendant's actions were part of a plan to build his reputation and garner high paying clients. The government offered no indication of how defendant implemented this plan other than the alleged witness tampering. The government did not argue that it actually did result in high paying clients. In fact, defendant's practice seems to have consisted of mostly court appointed cases. The government did not suggest that any of these cases were high profile or that defendant received any media attention in these cases. In short, other than the government's hypothesis, the court has no basis to find such a plan or relationship between these charges. Thus, even if this court looked beyond the indictment to arguments that have been presented to the court, the indictment would still not be in compliance with Rule 8(a).

Ultimately, the only connections in the indictment between the charges related to three separate legal representations is Tolly Kennon and, on a very broad level of abstraction, they involve witness tampering. See Mackins, 315 F.3d at 413; Jawara, 474 F.3d at 579. Such minimal commonality does not support joinder. Accordingly, the

---

[5]"Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition." See United States v. Smith, 261 Fed.App'x 477, 478 (4th Cir. 2008).

court holds that joinder of all offenses in the indictment is improper under Rule 8(a). The government may bring charges related to each separate representation together. Thus, the government may join Counts One with Two; Counts Four through Six together; and must proceed on Count Three separately.

### III. CONCLUSION

For the reasons stated above it is therefore **ORDERED** that defendant's motion for misjoinder is **GRANTED**. The government may join Counts One with Two; Counts Four through Six together; and must proceed on Count Three separately.

**AND IT IS SO ORDERED.**

       **DAVID C. NORTON**
       **CHIEF UNITED STATES DISTRICT JUDGE**

**March 24, 2009**
**Charleston, South Carolina**